UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
SHAWN MCGREGOR,

                                   Plaintiff,        9:08-CV-0770

          v.

SHERIFF JARVIS; BILL RAFERTY; ROBIN FORBES,

                                   Defendants.
_____
APPEARANCES:                              OF COUNSEL:

SHAWN MCGREGOR
Plaintiff, *pro se*

HANCOCK, ESTABROOK LAW FIRM        JOHN L. MURAD, JR., ESQ.
Attorney for Defendants

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION and ORDER

      Presently before this Court is a motion from *pro se* plaintiff Shawn McGregor seeking reconsideration of this Court's denial of his motion for appointment of pro bono counsel. Certain matters related to the Mandatory Pretrial Discovery and Scheduling Order are also addressed herein.

      A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

      The Court has reviewed the file in this matter and finds that McGregor's motion for appointment of counsel was properly denied, and that reconsideration thereof is not

necessary to prevent manifest injustice.[1]  The Court has also considered the additional arguments advanced by McGregor in support of his request for counsel.[2]  McGregor points to his obligation to participate in discovery and claims that he would be better able to pursue his claims if he were represented by counsel.  Dkt. No. 25 at 2.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered.  As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance.  If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

A review of the file in this matter reveals that the issues in dispute are not overly

---

[1] McGregor does not claim that there has been a change in the controlling law or that new evidence not previously available has come to light.

[2] While McGregor has attached some correspondence demonstrating his efforts to retain counsel, some of those efforts appear to have been directed toward obtaining counsel to represent him in an action for legal malpractice and, hence, were not in furtherance of his claims in this action. *See* Dkt. No. 25 at 4-10.

2

complex.[3]  Further, it appears to the Court as though, to date, McGregor has been able to effectively litigate this action.  While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F.Supp. at 974.  Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.  McGregor may only file another motion for appointment of counsel in the event he can demonstrate that, in light of **specific** changed circumstances, consideration of the above factors warrants the granting of such an application.

### III.  Discovery

In accordance with the Mandatory Pretrial Discovery and Scheduling Order entered in this action on November 17, 2008, the parties are required to provide certain pretrial discovery.  Dkt. No. 23.  Subsequent to the filing of that Order, the language of the Court's standard pretrial order was revised to properly state the discovery obligation of defendants who are employees of public entities other than the New York State Department of Correctional Services.  Because the defendants in this action are employees of St. Lawrence County, Section I (A)(2) of the Mandatory Pretrial Discovery and Scheduling

---

[3] In his complaint, McGregor alleges that he was sexually assaulted by a guard while incarcerated at St. Lawrence County Jail.  Dkt. No. 1.  McGregor is presently confined at Bare Hill Correctional Facility.

Order is hereby amended and restated to read as follows:

> **2. Defendant(s)** shall provide to plaintiff(s) copies of all documents and other materials in the care, custody, or control of any defendant or the defendant's employer if the employer is a public entity such as the New York State Department of Correctional Services (DOCS) related to the claims or defenses in the case. Where applicable, such documents and materials shall include but are not limited to those documents and materials described in Attachment A hereto. fn. 1 (unchanged)

The Court also notes that McGregor has undertaken to file various discovery matters in this action. *See* Dkt. Nos. 26 (Interrogatories and Request for Documents); Dkt. No. 31 (Mandatory Disclosures). McGregor is reminded that, as set forth in Local Rule 26.2, neither discovery requests such as interrogatories, document requests, and requests for admissions, nor the parties' disclosures under the Mandatory Discovery Order are to be filed with the Court **unless** the Court specifically directs or when those materials are submitted in support of a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure. Accordingly, the Clerk of the Court is directed to strike McGregor's Mandatory Disclosures (Dkt. No. 31) from the docket and counsel for the defendants is advised that disclosures made on behalf of the defendants shall be served on McGregor but not filed with the Court at this time.

WHEREFORE, it is hereby

ORDERED, that McGregor's motion for reconsideration and appointment of counsel (Dkt. No. 25) is **denied**, and it is further

ORDERED, that the Mandatory Pretrial Discovery and Scheduling Order entered in this action (Dkt. No. 23) is amended and restated as set forth herein, and it is further

ORDERED, that the Clerk is directed to strike McGregor's Mandatory Disclosures

4

(Dkt. No. 31) from the docket as improperly filed, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: January 23, 2009

_____
United States District Court Judge